UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TZADKIEL HERU BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00332-JPH-MJD |
| | ) | |
| JOE YOCHUM, | ) | |
| DOUG VANTLIN, | ) | |
| J. DIRK CARNAHAN, | ) | |
| NATHAN SMITH, | ) | |
| ADAM DAUGHERTY, | ) | |
| DAVID LACOUR, | ) | |
| JOHN HILLENBRAND, | ) | |
| TROY HALL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT**

Plaintiff Tzadkiel Heru Bey filed a complaint alleging that various defendants violated his constitutional rights by seizing his car based on an outstanding warrant. Dkt. 1. For the following reasons, Mr. Heru Bey's complaint is **dismissed** and he shall have **until May 2, 2025** in which to file an amended complaint.

**I.**
**Screening Standard**

The Court has the inherent authority to screen Mr. Heru Bey's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.

1

*See id.*  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

Mr. Heru Bey brings this action under 42 U.S.C. § 1983 against eight defendants, all in their individual capacity: (1) Joe Yochum, Mayor of Vincennes; (2) Doug Vantlin, Knox County Sheriff; (3) J. Dirk Carnahan, prosecuting attorney; (4) Nathan Smith, assistant prosecuting attorney; (5) Adam Daugherty, Vincennes University Chief of Police; (6) John Hillenbrand, Vincennes Chief of Police; (7) David Lacour, Vincennes University police officer; and (8) Troy Hall, owner of Troy's Towing Service.  Dkt. 1 at 7, 12–13, 18.

Mr. Heru Bey alleges that in October 2018, he was incarcerated at Vandalia Correctional Center and received an indictment from Mr. Carnahan. *Id.* at 16.  Mr. Carnahan issued a failure to appear warrant on November 14,

2018, even though Mr. Heru Bey had previously sent a motion to quash that warrant and Mr. Heru Bey was incarcerated at the time. *Id.*

Mr. Heru Bey further alleges that on November 5, 2018, Officer Lacour and another officer pulled Mr. Heru Bey over while he drove home. *Id.* Officer Lacour informed Mr. Heru Bey that he had an outstanding warrant for failure to appear. *Id.* Mr. Heru Bey's car was towed away by Mr. Hall's towing company after the traffic stop. *Id.* On November 9, 2022, Mr. Heru Bey met with Chief Daugherty to file a complaint about Officer Lacour's behavior during the traffic stop. *Id.*

Mr. Heru Bey also alleges that after receiving a court date on January 23, 2023, and a trial date of March 6, 2023, Mr. Smith notified him by mail that the charges in question were "Dismissed with Prejudice." *Id.*

Mr. Heru Bey seeks monetary damages. *Id.* at 17.

## III.
## Discussion of Claims

Mr. Heru Bey's claims against Mr. Carnahan and Mr. Smith are **dismissed**. "[P]rosecutors [are] absolutely immune in civil suits for damages under section 1983 for activities intimately associated with the judicial phase of the criminal process." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021) (quotation omitted); *see Srivastava v. Newman*, 12 F. App'x 369, 371 (7th Cir. 2001) (applying Indiana law). That is, absolute immunity extends to "core prosecutorial functions," such as "filing and amending [of] criminal charges against a defendant." *Jones*, 998 F.3d at 788. Here, Mr. Heru Bey's claim

centers on Mr. Carnahan's decision to issue a failure to appear warrant and Mr. Smith's letter informing Mr. Heru Bey that charges against him were "dismissed with prejudice."  Dkt. 1 at 16–17.  Therefore, his claim is directed at their "core prosecutorial functions" and must be dismissed.

Mr. Heru Bey's claims against Mayor Yochum, Sheriff Vantlin, and Chief Hillenbrand are also **dismissed** because Mr. Heru Bey has not alleged that they were personally involved in the incidents in any manner.  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."); *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

Finally, Mr. Heru Bey's claims against Chief Daugherty, Officer Lacour, and Mr. Hall are also **dismissed**.  Claims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations.  *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).  Mr. Heru Bey appears to bring the claims in this suit under 42 U.S.C. § 1983.  Dkt. 1 at 18 ("This is a Civil Rights Suit 42 U.S.C. 1983.").  For § 1983 claims, the statute of limitations is two years.  *Johnson v. City of South Bend*, 680 F. App'x 475, 476 (7th Cir. 2017) (citing Ind. Code § 34-11-2-4; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005)); *Serino v. Hensley*, 735

F.3d 588, 591 (7th Cir. 2013).  Mr. Heru Bey alleges that Officer Lacour pulled him over and Mr. Hall towed his car on November 5, 2018.  Dkt. 1.  And Mr. Heru Bey alleges that he met with Chief Daugherty about filing a complaint against Officer Lacour on November 9, 2022.  *Id.*  However, Mr. Heru Bey's complaint was signed on February 14, 2025 and filed on February 19, 2025. *Id.*  The complaint was therefore filed beyond the statute of limitations for § 1983 claims.

## IV.
## Conclusion

Mr. Heru Bey's complaint must be dismissed for the reasons in this Order.  He shall have **through May 2, 2025** to file an amended complaint. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").  The **clerk is directed** to send a form complaint with Mr. Heru Bey's copy of the Order.  The **clerk is also directed** to update Mr. Heru Bey's address on the docket consistent with the address listed in the distribution below.

**SO ORDERED.**

Date: 3/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
TZADKIEL HERU BEY
403 18th Street
Lawrenceville, IL 62439