UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TZADKIEL HERU BEY, )<br>)<br>          Plaintiff, )<br>)<br>  v. )<br>)<br>JOE YOCHUM, et al., )<br>)<br>          Defendants. ) | No. 1:25-cv-00332-JPH-MJD |

**ORDER SCREENING AMENDED COMPLAINT AND DISMISSING CASE**

On March 27, the Court screened and dismissed Plaintiff Tzadkiel Heru Bey's original complaint. Dkt. 8. Mr. Heru Bey then filed an amended complaint. Dkt. 13. For the following reasons, this case is **dismissed with prejudice**.

# I.
## Screening Standard

The Court has the inherent authority to screen Mr. Heru Bey's amended complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

Mr. Heru Bey alleges that four defendants violated his constitutional rights under 18 U.S.C. §§ 241 and 242: (1) Joe Yochum, Mayor of Vincennes; (2) Doug Vantlin, Knox County Sheriff; (3) J. Dirk Carnahan, prosecuting attorney; and (4) Nathan Smith, assistant prosecuting attorney. Dkt. 13 at 7–8. He sues each in their individual capacities for monetary damages. *Id.* at 7, 12–13.

Mr. Heru Bey alleges that he was charged with a state misdemeanor crime and in November 2022, Mr. Carnahan and Mr. Smith placed him in Knox County Jail. *Id.* at 10. Mr. Heru Bey spent four days in jail. *Id.* at 11. The first court appearance on this charge occurred in February 2023, and the charge was dismissed that same month. *Id.*

Mr. Heru Bey alleges that Sheriff Vantlin oversees the jail as the highest law enforcement officer in the county, and that Mayor Yochum is "the Boss of all public servants in his city," including Sheriff Vantlin, Mr. Carnahan, and Mr. Smith. *Id.* He alleges that this means these defendants "work closely each

2

day in their city and conduct business as usual," and that the mayor is aware of his employees' day-to-day operations. *Id.*

### III.
### Discussion of Claims

Mr. Heru Bey's claims in his amended complaint must be **dismissed**. He sues each defendant under 18 U.S.C. §§ 241 and 242, which are criminal statutes. These statutes do not create a private right of action or otherwise allow civil plaintiffs like Mr. Heru Bey to sue to enforce them. But even construing the amended complaint liberally as bringing claims under 42 U.S.C. § 1983, Mr. Heru Bey's claims must still be dismissed.

Mr. Carnahan and Mr. Smith are entitled to prosecutorial immunity. "[P]rosecutors [are] absolutely immune in civil suits for damages under section 1983 for activities intimately associated with the judicial phase of the criminal process." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021) (quotation omitted); *see Srivastava v. Newman*, 12 F. App'x 369, 371 (7th Cir. 2001) (applying Indiana law). That is, absolute immunity extends to "core prosecutorial functions," such as "filing and amending criminal charges against a defendant." *Jones*, 998 F.3d at 788. Here, Mr. Heru Bey's claim centers on Mr. Carnahan and Mr. Smith's charging decision and Mr. Smith's letter informing Mr. Heru Bey that charges against him were "dismissed with prejudice." Dkt. 13 at 10, 12. Therefore, his claim is directed at their "core prosecutorial functions" and must be dismissed.

Mr. Heru Bey's claims against Mayor Yochum and Sheriff are dismissed because he has not plausibly alleged their personal involvement. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Here, Mr. Heru Bey's allegations as to Mayor Yochum and Sheriff Vantlin are focused on their roles as leaders of the city and the jail, respectively. These allegations do not plausibly allege that Mayor Yochum or Sheriff Vantlin knew or had any reason to know that Mr. Heru Bey's constitutional rights were being violated. Accordingly, Mr. Heru Bey's claims against Mayor Yochum and Sheriff Vantlin must be dismissed for failure to state a claim.

## IV.
## Conclusion

Mr. Heru Bey's amended complaint is **dismissed with prejudice**. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 6/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

TZADKIEL HERU BEY
403 18th Street
Lawrenceville, IL 62439